860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susie H. RANSOM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1965.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Susie H. Ransom appeals from an order of the District Court upholding the Secretary's denial of Social Security disability insurance. We find that the Secretary's decision is supported by substantial evidence and therefore AFFIRM.
 
 
 2
 Appellant challenges the Secretary's finding that she is not totally disabled, arguing that the Secretary erred in rejecting the opinion of her physician, Dr. Clark. Dr. Clark concluded that appellant "is totally disabled due to rheumatoid and osteoarthritis, migraine cephalia, hiatal hernia with chronic gastritis, [and] vascular insufficiency in her legs and hands."
 
 
 3
 We hold that the Secretary had substantial evidence to reject Dr. Clark's conclusions. Appellant reported that pain and stiffness in her hands and wrists constituted her primary disabilities, but Dr. Bedia found that although appellant did have arthritis, her joints did not have any swelling or significant limitation of gross or fine movement. Dr. Clark's reports that appellant's X-rays revealed no osseous pathology in her hand, shoulder, knee, or back, and only slight degeneration around her ankle. Appellant was able to write legibly, and her gait was normal.
 
 
 4
 Appellant cites EKG and EMG reports as objective evidence supporting Dr. Clark's opinion that she is totally disabled. Dr. Clark reported that appellant's EKG revealed "nonspecific ST changes in V1 and V3." However, he did not suggest that these changes indicated a significant medical problem, nor did he cite the EKG results to support his conclusion appellant was disabled. Further, Dr. Bedia's examination did not reveal any heart trouble. The EMG data also fails to undermine the Secretary's decision. While appellant's November 1984 EMG suggested "lower motor neuron involvement in the C6 nerve root level on the right"--i.e. an increase in irritability of the muscles supplied by the C6 nerve--she reported feeling no pain or discomfort due to the condition following a three-week program of physical therapy in December 1985.
 
 
 5
 Finally, appellant's migraine and hernia do not disable her from working. Appellant reports that she has suffered migraines all of her life, and she has successfully controlled her hernia and colitis problems by avoiding certain foods.
 
 
 6
 This Court must uphold the Secretary's decision if it is supported by substantial evidence, even if we would reach a different result if we were the trier of facts. Moore v. Califano, 633 F.2d 727, 729 (6th Cir.1980). Appellant no doubt suffers from a variety of physical ailments, but we conclude that substantial evidence supports the Secretary's finding that Appellant is not disabled from pursuing her prior occupation as a laundry press operator.
 
 
 7
 Accordingly, the judgment of the District Court is AFFIRMED.